UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:                                                            Chapter 15
                                                                   Case No. 10-14079

       BASHAR ISSA,

              Debtor in a Foreign Proceeding.

**MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITION UNDER
CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING**

      Kevin Roy Mawer, one of the Joint Trustees in the Personal Bankruptcy of Bashar Issa, ("the Petitioner") by his United States Counsel, Damon Morey LLP, respectfully submits this Memorandum of Law in support of his Verified Petition filed under Chapter 15 of the Bankruptcy Code seeking recognition and relief respecting a foreign main proceeding, as defined in Section §1502(4) of the Bankruptcy Code. In support thereof, the Petitioner respectfully represents as follows:

### INTRODUCTION

      1.      The Petitioner commenced this Chapter 15 case pursuant to 11 U.S.C. §1504 by filing the Chapter 15 Petition accompanied by the supporting documentation required pursuant to 11 U.S.C. §1515 and Bankruptcy Rule 1007(a)(4), for recognition of the proceeding pending in the United Kingdom as a foreign main proceeding pursuant to 11 U.S.C. §1502(4) and for recognition pursuant to 11 U.S.C. §1517.

      2.      Chapter 15 of the Bankruptcy Code, among other things, authorizes this Court to recognize a foreign proceeding upon the proper commencement of a case under Chapter 15 by a foreign representative, as defined in 11 U.S.C. §101(24), namely a person authorized in a foreign

proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

3. A foreign proceeding is defined in 11 U.S.C. §101(23) as a "collective judicial or administrative proceeding in a foreign country . . . under a law relating to insolvency adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization of liquidation."

4. As set forth in the Verified Petition and the Statement of Foreign Representative, a bankruptcy proceeding is pending in the United Kingdom with respect to the debtor Bashar Issa, an individual and a citizen of the United Kingdom. A creditor's petition was filed in 2008 and the debtor was adjudicated a bankrupt on March 23, 2009 in Case No. 1067 of 2008, in Manchester County Court. The case was then transferred to Medway County Court, United Kingdom under Case No. 60 of 2010 on 23 November 2009. The United Kingdom proceeding is hereafter referred to as "UK Proceeding".

5. As set forth in the Report of the Official Receiver appointed upon the bankruptcy adjudication of the debtor, Bashar Issa was a resident of 20 Junction house, 16 Jutland Street, Manchester M1 2DS, United Kingdom. A creditor, Clydesdale Bank PLC which was owed £2,630,000 petitioned for his bankruptcy on September 23, 2008 and a bankruptcy order was made on March 23, 2009. The Debtor reported having assets of £17,260,000 and liabilities of £69,243,480.

6. This UK Proceeding is a foreign proceeding within the meaning of 11 U.S.C. §101(23) that was duly commenced and is pending in the UK and has been authorized and sanctioned by the UK Courts.

7. The Petitioner is one of the Joint Trustees duly appointed to serve as the foreign representative within the meaning of 11 U.S.C. §101(24) pursuant to the Appointment confirmed on July 15, 2009 (Exhibit A annexed to Statement of Foreign Representative).

8. The Petitioner, as foreign representative of the Debtor, is duly authorized to file the Petition for relief under Chapter 15.

9. This case has been duly commenced. Section 1504 of the Bankruptcy Code provides that: "A case under this chapter is commenced by the filing of a petition for recognition of a foreign proceeding under section 1515."

10. The action case has been duly commenced by a foreign representative. Section 1509 of the Bankruptcy Code provides that: "(a) A foreign representative may commence a case under section 1504 by filing directly with the court a petition for recognition of a foreign proceeding under Section 1515."

11. Section 1515(b) of the Bankruptcy Code provides that the petition shall be accompanied by, among other things, a certificate from the foreign court affirming the existence of the foreign proceeding and of the appointment of the foreign representative. As set forth in the Verified Petition and Statement of the Foreign Representative, a legalized Certificate from the Manchester County Court attests the adjudication of bankruptcy of Bashar Issa, and a legalized Certificate showing the appointment of the Joint Trustees.

12. Section 1516(a) of the Bankruptcy Code provides that the court is entitled to presume that a foreign proceeding is a foreign proceeding and a person is a foreign representative as referred to in a certificate or decision pursuant to Section 1515(b).

13. Section 1516(b) of the Bankruptcy Code provides that the court is entitled to presume that the documents submitted in support of the petition for recognition are authentic,

3

Case 1-10-14079-CLB    Doc 6    Filed 09/21/10    Entered 09/21/10 15:31:46    Desc Main
Document      Page 3 of 7

whether or not they have been legalized. The copies annexed to the Verified Petition and Statement of the Foreign Representative are legalized.

14. Section 1516(c) of the Bankruptcy Code further provides that the debtor's habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests. As set forth in the Certificate from the Manchester County Court and in the Report of the Official Receiver, the Debtor was, during 2008 and 2009 (at the time of his adjudication in bankruptcy), a resident of the United Kingdom, although he thereafter moved to Dubai.

15. Although not specifically addressed in Chapter 15, the Debtor's voluntary change of residence did not divest the court of jurisdiction. Thus "it has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought. . . .this time-of-the filing rule is hornbook law (quite literally) taught to first year students in any basic course on federal civil procedure." Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571, 124 S.Ct. 1920, 1924, 158 L.Ed.2d 866 (2004). Likewise, Smith v. Sperling, 354 U.S. 91, 92, 77 S.Ct. 1112, 1113, 1 L.Ed.2d 1205 (1957) held, in the context of diversity jurisdiction, that "jurisdiction, once attached, is not impaired by a party's later change of domicile." These principals apply in bankruptcy cases as well. In re Sterling Optical Corp., 302 B.R. 792, 802 (Bankr. S.D.N.Y. 2003).

16. Section 1515(c) of the Bankruptcy Code provides that the petition for recognition shall be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative. Such a statement that there are no other foreign proceedings has been submitted in support of the petition.

17. This Court has jurisdiction pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(P).

4

18. Venue is proper in the Western District of New York pursuant to 28 U.S.C. §1410(3) which provides that "venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative."

19. Judicial notice is requested that there is pending the United States Bankruptcy Court for the Western District of New York an involuntary Chapter 11 case captioned <u>In re BSC Development BUF LLC</u>, Case No. 09-11550. The Debtor, Bashar Issa, is or was the managing member thereof. In about August 2006, BSC Development BUF LLC took title to the real property known as the Statler Towers in Buffalo, New York.

20. Within the bankruptcy case of <u>In re BSC Development BUF LLC</u>, there is pending an adversary proceeding captioned <u>Horowitz v. Mohmoud Al Issa</u>, A.P. No. 09-1042 in which the Trustee seeks to avoid mortgages on the Statler Towers and other real estate granted to Mohmoud Al Issa, the father of the Debtor, Bashar Issa.

21. On information and belief, there may be assets of the Debtor in the United States that the Petitioner, as a foreign representative, seeks to discover and recover for the benefit of creditors in the UK Proceeding.

**THE RELIEF REQUESTED SHOULD BE GRANTED**

22. Since all the requirements for recognition have been met, 11 U.S.C. §1517 provides that, after notice and hearing, an order recognizing the foreign proceeding shall be entered subject to any public policy exception. There is no applicable exception.

23. Pursuant to Section 1517(a)(1) of the Bankruptcy Code, the foreign proceeding herein is a "foreign main" proceeding as defined in Section 1502(4) of the Bankruptcy Code since the Debtor is an individual with a habitual residence in the UK and thus pursuant to Section 1516(c) of the Bankruptcy Code it is presumed that his "center of its main interests" in the UK.

24. Pursuant to Section 1517(a)(2) of the Bankruptcy Code, the Petitioner is a person ("the foreign representative applying for recognition is a person or body.")

25. Pursuant to Section 1517(a)(3) of the Bankruptcy Code, the Petition has met the requirements of Section 1515 as set forth above.

26. Since the Debtor is an individual with a habitual residence in the UK, the foreign proceeding is a foreign main proceeding and must be recognized as such pursuant to Section 1517(b)(1) of the Bankruptcy Code.

27. Finally, Section 1517(c) of the Bankruptcy Code provides that "[a] petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time. Entry of an order recognizing a foreign proceeding constitutes recognition under this chapter."

28. Upon recognition and entry of an order under Chapter 15, the Petitioner will be entitled to relief under Section 1521(a)(4) of the Bankruptcy Code in which the court may, upon the request of the foreign representative, "provide for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities." The Petitioner requests this relief in the Order of Recognition.

29. Section 1415 of the Bankruptcy Code provides for notification to foreign creditors concerning a case under this title. However, this section of the Code deals with "international implications of cases under chapters other than chapter 15." 8 Collier on Bankruptcy (16th Ed. ¶1511.01) (discussing 11 U.S.C. §1511 to §1514.) Further, the *Advisory Committee Note (2008)* to Rule 2002(q) regarding notice of Chapter 15 case states: "There is no need at this stage of the proceedings to provide notice to all creditors. If the foreign representative should take action to commence a case under another chapter of the Code, the rules governing those proceedings will

operate to provide that notice is given to all creditors." Thus, no notice to all of the creditors in the UK proceedings is required.

30. The goal of the Petitioner in the foreign proceeding is to ensure an orderly administration of the Debtor's financial affairs and to maximize the value to be distributed to all parties in interest, under the auspices of the UK courts with the aid of this Court as requested in this petition. Granting relief under Chapter 15 will provide an opportunity to ensure just treatment for creditors of the Debtor and the economical and expeditious administration of the Debtor's affairs consistent with the principles of 11 U.S.C. §1507(b).

## CONCLUSION

For the foregoing reasons, the Petitioner respectfully request that this Court granted the relief requested.

Dated: Buffalo, New York
September 21, 2010

DAMON MOREY LLP

By: /*s/ Bernard Schenkler*
William F. Savino, Esq.
Bernard Schenkler, Esq.
*Attorneys for Petitioner*
*Kevin Roy Mawer, Joint Trustee in the*
*Personal Bankruptcy*
*of Bashar Issa*
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202
716) 856-5500